## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Case No. 11-1775 (RJL)** |
| | ) |
| **HONORABLE COLLEEN** | ) |
| **KOLLAR-KOTELLY,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION
(September 25, 2012) [# 6 and # 11]

Plaintiff Larry Klayman ("plaintiff" or "Klayman") brings this action against U.S.

District Judge Colleen Kollar-Kotelly ("Judge Kollar-Kotelly"), U.S. Circuit Judge David

Sentelle ("Chief Judge Sentelle"), the Judicial Council for the District of Columbia

("Judicial Council of the D.C. Circuit"), and the Office of the Circuit Executive

(collectively, "defendants"), seeking equitable and injunctive relief.   Before the Court are

plaintiff's Motion to Change Venue [Dkt. # 6] and defendants' Motion to Dismiss [Dkt. #

11].   Upon consideration of the parties' pleadings, relevant law, and the entire record

herein, defendants' Motion to Dismiss is GRANTED and plaintiff's Motion to Change

Venue is accordingly DENIED AS MOOT.

### BACKGROUND

On October 5, 2011, plaintiff filed this action against Judge Kollar-Kotelly, Chief

1

Judge Sentelle, the Judicial Council of the D.C. Circuit and the Office of the Circuit Executive.  *See* Compl. ¶¶ 2-5 [Dkt. # 1].   The basis for plaintiff's suit stems from his involvement in two cases before Judge Kollar-Kotelly: (1) *Sataki v. Broadcasting Board of Governors*, No. 10-534 (D.D.C. filed Apr. 2, 2010) ("*Sataki*") and (2) *Klayman v. Judicial Watch, Inc.*, No. 06-670 (D.D.C. filed Apr. 12, 2006) ("*Judicial Watch*"). Compl. ¶¶ 10-15.

The former, *Sataki*, was a sexual harassment and employment discrimination and retaliation case in which plaintiff represented the alleged victim.  *Id.* ¶ 10.   Alleging that Judge Kollar-Kotelly harbored a personal bias against him, plaintiff claims that such prejudice colored her disposition toward, and caused adverse rulings against, his client, and attempted to have Judge Kollar-Kotelly disqualified or have the *Sataki* case reassigned.  *Id.* ¶¶ 10-13.   Both attempts failed, however, and Judge Kollar-Kotelly ultimately dismissed that case.[1]  *Id.* ¶¶ 11, 17; Order, Dec. 21, 2010, *Sataki* [Dkt. # 86]; Order, Oct. 22, 2010, *Sataki* [Dkt. # 77].

Also assigned to Judge Kollar-Kotelly, *Judicial Watch* involves breach of contract claims, among others, filed by the plaintiff against Judicial Watch, Inc., a public interest organization plaintiff founded.   Compl. ¶ 14.   In that case, plaintiff similarly alleged that

---

[1] Although plaintiff appealed Judge Kollar-Kotelly's decision to dismiss the *Sataki* case, our Court of Appeals ultimately dismissed the appeal for failure to prosecute.  *See* Order, July 26, 2011, *Sataki*, No. 11-5015 (D.C. Cir. filed Apr. 2, 2010).   This case is now closed.

Judge Kollar-Kotelly's personal bias against him led to erroneous rulings on the scope of

discovery and various motions in the case, and plaintiff again moved to disqualify her

from the case. *Id.* ¶¶ 14-16; Motion to Disqualify Judge, Jul. 26, 2010, *Judicial Watch*

[Dkt. # 345].   Judge Kollar-Kotelly denied the disqualification motion.   Compl. ¶ 17;

Order and Mem. Op., Oct. 13, 2010, *Judicial Watch* [Dkt. ## 355-56].   Plaintiff pursued

both a mandamus petition and an interlocutory appeal, but our Court of Appeals denied

plaintiff's mandamus petition and dismissed the interlocutory appeal for lack of

prosecution. *See* Praecipe, July 24, 2008, *Judicial Watch* [Dkt. # 210], *mandamus*

*denied*, Order, July 25, 2008, *In re Larry Klayman*, No. 08-5218 (D.C. Cir. filed Jul. 24,

2008) (per curiam); Notice of Interlocutory Appeal, June 25, 2009, *Judicial Watch* [Dkt. #

320], *appeal dismissed for lack of prosecution*, Order, Sept. 1, 2009, *Klayman v. Judicial*

*Watch, Inc.*, No. 09-7068 (D.C. Cir. filed Apr. 12, 2006).   That case is still pending

before Judge Kollar-Kotelly.   *Judicial Watch.*

Believing that Judge Kollar-Kotelly's refusal to remove herself from both the

*Sataki* and *Judicial Watch* cases was "so prejudicial to the fair and impartial

administration of justice," Compl. ¶ 17, plaintiff filed an Ethics Complaint against her

before the Judicial Council of our Circuit.   Claiming that Chief Judge Sentelle

"summarily dismissed" the Ethics Complaint without proper consideration of its merits,

plaintiff subsequently filed a Petition for Review of the dismissal of the Ethics

Complaint. *Id.* ¶¶ 20-21.   Five days later, it was dismissed without any analysis or

explanation.  *Id.*

Plaintiff filed the instant action on October 5, 2011, alleging that the defendants'
judicial acts violated his Constitutional rights and requesting various forms of equitable
and injunctive relief, including "an actual bona fide consideration" of his Ethics
Complaint against Judge Kollar-Kotelly and her removal from the bench.  *Id.* ¶¶ 23-27.
On December 5, 2011, defendants moved to dismiss this case pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and
Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Defs.'
Mot. to Dismiss [Dkt. # 11].  For the following reasons, defendants' Motion to Dismiss
is GRANTED, and plaintiff's Motion to Change Venue is DENIED AS MOOT.

## STANDARD OF REVIEW

A court may dismiss a complaint that does not fall within its subject-matter
jurisdiction.  Fed. R. Civ. P. 12(b)(1).  To survive a Rule 12(b)(1) motion to dismiss,
plaintiff bears the burden of demonstrating that jurisdiction exists over his claim.  *Khadr
v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  The Court, in turn, "must accept
as true all well-pleaded factual allegations and draw all reasonable inferences in favor of
the plaintiffs."  *Logan v. Dep't of Veteran. Affairs*, 357 F. Supp. 2d 149, 153 (D.D.C.
2004) (quoting *Fitts v. Fed. Nat'l Mortg. Ass'n*, 44 F. Supp. 2d 317, 321 (D.D.C. 1999).
Even so, a court "may give the plaintiff's factual allegations closer scrutiny and may
consider materials outside the pleadings" when evaluating its ability to hear a claim.

4

*Logan*, 357 F. Supp. 2d at 153 (citing Fed. R. Civ. P. 12(b)(1)); *see also Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).   "If the district court finds that it lacks subject matter jurisdiction, it must dismiss the case, and without prejudice."   *Paul v. Didizian*, 819 F. Supp. 2d 31, 34 (D.D.C. 2011); *see* Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

Defendants contend that plaintiff's claims should be dismissed because this Court has no jurisdiction to enjoin, or issue a writ of mandamus against, a judge on this Court or the Court of Appeals.   Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 1-2 [Dkt. # 11].   Plaintiff counters that jurisdiction exists on multiple grounds, including federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, and "Bivens Action" jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 11-17 [Dkt. # 23].   Unfortunately, plaintiff has failed to demonstrate a valid basis for this Court's jurisdiction, and his complaint, for the following reasons, must be dismissed.

Plaintiff claims that the Court has federal question jurisdiction over the complaint because the complaint alleges "unconstitutional violations of Plaintiffs [sic] rights under the 1st, 4th, 5th, 9th, 14th, and other amendments to the United States Constitution." Pl.'s Opp'n at 11 (citing Compl. ¶ 7).   Plaintiff's constitutional claims appear to be based

5

upon the right to privacy and the right to due process.   Pl.'s Opp'n at 11-12.   However,

plaintiff cites no law demonstrating that the injuries he alleges equate to constitutional

violations.   Indeed, the cases he relies upon—from courts outside our Circuit—do not

relate at all to judicial bias or harm stemming from judicial mistreatment.   *See* Pl.'s

Opp'n at 11-12 (citing *Shirshekan v. Hurst*, 669 F. Supp. 238, 239 (C.D. Ill. 1987) and

*Beerly v. Department of Treasury*, 768 F. 2d 942 (7th Cir. 1985)).   Thus, absent a

cognizable constitutional harm, plaintiff's claims cannot merit jurisdiction under either

the federal question statute or *Bivens*.   *See Alec L. v. Jackson*, 2012 WL 1951969, at *3

(D.D.C. May 31, 2012) ("When determining whether a district court has federal question

jurisdiction . . . , the jurisdictional inquiry depends entirely upon the allegations in the

complaint and asks whether the claim as stated in the complaint arises under the

Constitution or laws of the United States.   If a federal claim has been alleged, the district

court has subject matter jurisdiction unless the purported federal claim is clearly

immaterial and made solely for the purpose of obtaining jurisdiction or is wholly

insubstantial and frivolous.") (citations and internal quotation marks omitted); *Corr.*

*Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (Court in *Bivens* recognized "an implied

private action for damages against federal officers alleged to have violated a citizen's

*constitutional rights*") (emphasis added).

6

Next, plaintiff's claim of mandamus jurisdiction is equally meritless.   Plaintiff relies upon 28 U.S.C. § 1361, which Congress did not intend to apply to members of the judicial branch and which no court has said otherwise.   *See Trackwell v. U.S. Government,* 472 F.3d 1242, 1246 (10th Cir. 2007) ("The context of [§ 1361] argues for, not against, exclusion of the judiciary from its compass."); *Liberation News Serv. v. Eastland,* 426 F.2d 1379, 1384 (2d Cir. 1970) ("[The] history demonstrates to us that, in enacting [§1361], Congress was thinking solely in terms of the executive branch . . . .").

Thus, having failed to demonstrate any basis for subject matter jurisdiction, plaintiff's complaint must be, and hereby is, dismissed.   Plaintiff's Motion for Change of Venue is hereby denied as moot.   An appropriate Order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge