UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:11-cv-1175 (RJL) |
| HONORABLE COLLEEN KOLLAR-KOTELLY, et. al, | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR POST JUDGMENT DISCOVERY**

Defendants, United States District Judge Colleen Kollar-Kotelly, United States Circuit Judge David Sentelle (Chief Judge), the Judicial Council for the District of Columbia, and the Circuit Executive, hereby oppose Plaintiff Klayman's motion for post-Judgment discovery (captioned ". . . Motion to Disclose Ex Parte Communications with Judge Kollar-Kotelly, Sentelle et. al . . . .").

This Court, on September 26, 2012 entered judgment dismissing this action brought by plaintiff against Judge Kollar-Kotelly, Chief Judge Sentelle, the Judicial Council, and the Office of Circuit Executive complaining about rulings of Judge Kotelly in two cases in which he had been involved (Sataki v. Board of Governors, (CA No. 10-cv-534 (counsel) and Klayman v. Judicial Watch, CA No. 06-cv-670 (party and counsel)); plaintiff also complained about Chief Judge Sentelle and the Judicial Council dismissing his ethics complaint against Judge Kollar-Kotelly for her rulings against

1

plaintiff, and the judges of the Office of Circuit Executive dismissing his petition for review of his ethics complaint.

The day following the entry of judgment, plaintiff moved for discovery seeking Information concerning communications between this Court and Judges Kollar-Kotelly, Chief Judge Sentelle, and all members of the Judicial Council. The basis for the requested discovery was the timing of the entry of judgment (September 26, Yom Kippur), and the fact that this Court did not rule first on plaintiff's motion for a change of venue. In support of his motion plaintiff neither proffered evidence nor cited legal authority that supported any entitlement to post-judgment discovery based on either the date of the entry of judgment or on the order of a court's resolution of pending motions.

## STANDARD OF REVIEW

The standard for resolving post-judgment motions is generally abuse of discretion. See Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 263 n.7 (1978). Similarly, motions seeking discovery are generally reviewed for abuse of discretion. See Dunning v. Quander, 508 F.3d 8, 10 (D.C. Cir. 2007)(discovery properly denied when plaintiff provided no "persuasive" reason for needing discovery); Strang v. USACDA, 864 F.2d 859, 961 (D.C. Cir. 1989).

## ARGUMENT

Plaintiff's Motion for Post-Judgment Discovery should be denied. Plaintiff seeks discovery after the entry of judgment into "relevant communications" between this Court and Judges Colleen Kollar-Kotelly, David Sentelle, Judith Rogers, Karen LeCraft Henderson, David Tatel, Merrick Garland, Royce Lamberth, Rosemary Collyer, Beryl Howell, and Robert Wilkins. The basis for his request is the timing of the entry of

judgment, and this Court's resolution of the merits of the case rather than first resolving his motion for a change of venue.

At the outset defendants note that the District Court issued opinions in 18 civil cases, including the instant case, on September 26, a day when this Court was open and held a normal work day. Plaintiff cites no case, and defendants are aware of none, that holds that it is error warranting discovery or any other relief when a court issues a decision in a case on a normal work day, even if that day falls on a day of religious significance to a particular religion.

Similarly, plaintiff cites no case, and, again, defendants are aware of none, that holds that it is error for a court not to resolve pending motions in the order that a particular party to the litigation prefers. Nor has plaintiff proffered any evidence or other reasonable basis (apart from his speculation on the timing and order of resolution of the merits of this action) that provide any support for his extraordinary request for post-judgment discovery in a civil case.

Even were he to proffer anything in his reply, it would be futile. It is settled that a plaintiff may not proffer new evidence or arguments for the first time in a reply. E.g., Chedick v. Nash, 151 F.3d 1077, 1084 (1998).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for post-judgment discovery should be denied.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. BAR NUMBER 447889
_____/s/_____
DANIEL F. VANHORN,
D.C. Bar No. 924092
Assistant United States Attorney
Chief, Civil Division
_____/s/_____
By: R. CRAIG LAWRENCE
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 514-7159
    Craig.lawrence@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:11-cv-1175 (RJL) |
| | ) |
| **HONORABLE COLLEEN KOLLAR-** | ) |
| **KOTELLY, et. al,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Upon consideration of "Plaintiff's Motion To Disclose Ex Parte Communications . . .", the Defendants' Opposition, and the entire record, it is this \_\_\_\_ day of _____ , 2012, hereby

**ORDERED** that plaintiff's motion is hereby denied.

_____
**UNITED STATES DISTRICT JUDGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing Defendants' Opposition to Plaintiff's motion for post judgment discovery to be served by the electronic filing system to Plaintiff Larry Klayman on this 15th day of October 2012.

_____/s/_____
R. CRAIG LAWRENCE
Assistant United States Attorney